IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VIRGIL BRADFORD,

               Petitioner,

    v.                                    CASE NO. 03-3459-SAC

DAVID MCKUNE, et al.,

               Respondents.

**O R D E R**

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. 2254. In a memorandum and order dated December 8, 2004, the court dismissed the petition and denied all relief, finding federal habeas review of petitioner's claims was barred by petitioner's procedural default in presenting his claims to the state courts. Before the court is petitioner's motion for reconsideration (Doc. 30), which the court treats as a timely filed motion to alter or amend judgment, pursuant to Fed.R.Civ.P. 59(e).

In his motion, petitioner continues to assert there was no procedural default in the state courts. Petitioner provides a copy of his handwritten document ("Exhibit A") presented to the sentencing court during petitioner's resentencing hearing in January 2002. He further cites the Kansas Supreme Court's granting of petitioner's pro se motion to correct the brief filed on his behalf in his resentencing appeal. In that pr se appellate document, petitioner advanced two constitutional

claims.  He first argued the multiple consecutive sentences imposed for his aggravated robbery, aggravated burglary, and felony theft convictions violated the double jeopardy clause. Second, he claimed the "Hard 40" sentence imposed for his capital murder conviction violated the ex post facto clause.

However, the Kansas Supreme Court specifically found these two issues were not properly before the court because petitioner had not presented them to the district court or in petitioner's first appeal.  The Kansas Supreme Court also found petitioner's challenge to the Hard-40 capital murder sentence affirmed in petitioner's first appeal was not properly before the court in petitioner's resentencing appeal on his remaining convictions. An examination of the state court record fully supports these findings.  Although the transcript of petitioner's resentencing hearing discloses the admission without objection of petitioner's "Exhibit A," petitioner's brief notations in that document do not reflect the specific constitutional claims asserted in his pro se motion to correct the appellate brief in his resentencing appeal.

It is appropriate to grant a motion for reconsideration where: (1) the court has made a manifest error of fact or law; (2) there is newly discovered evidence; or (3) there has been a change in the law.  <u>Renfro v. City of Emporia, Kan.</u>, 732 F.Supp. 1116, 1117 (D.Kan. 1990), *aff'd*, 948 F.2d 1529 (10th Cir. 1991). The court finds none of these standards are satisfied in this case.  Accordingly, for the reasons stated herein and in the order entered on December 8, 2004, the court remains convinced that dismissal of this matter is appropriate because habeas

review of petitioner's claims is barred by petitioner's procedural default in the state courts.

IT IS THEREFORE ORDERED that petitioner's motion to alter or amend judgment (Doc. 30) is denied.

**IT IS SO ORDERED.**

DATED: This 30th day of June 2005 at Topeka, Kansas.


<u>s/ Sam A. Crow</u>
SAM A. CROW
U.S. Senior District Judge